The plaintiff, Cambridge Factors (Cambridge), alleges here that L R Enterprises, which sought to borrow money from Cambridge, hired the defendant Sturges' law firm (Sturges) to represent it in the loan transaction. As security, L R intended to mortgage a piece of property. Cambridge requested from Sturges a series of opinion letters concerning the possible uses of the property to be mortgaged. The final opinion letter stated that Sturges knew that Cambridge was relying on the letter in making the loan, that the property comprised thirty-five building lots each of which would be issued a permit under current zoning regulations, and that each lot had access to a public highway.
Cambridge alleges that, relying on said representations, it loaned the requested money to L R and accepted the mortgage as security. L R subsequently defaulted on the loan and plaintiff, through strict foreclosure proceedings, took title to the property. Cambridge discovered that none of the parcels were approved building lots and many lots do not have access to public highways and were therefore less valuable than as represented CT Page 5653 in the Sturges' opinion letters. Cambridge thus alleges that it has been harmed by reasonably relying on the false information contained in Sturges' negligent opinion letter.
The defendant moves to strike the complaint on the ground that, as there was no attorney-client relationship between plaintiff and defendant, the defendant owed no duty to the plaintiff and thus cannot be liable. The plaintiff argues that it has pleaded an attorney-client relationship to fall within Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490 (1992), that it was an intended beneficiary of defendant's services, and that it has sufficiently pleaded a cause of action for negligent misrepresentation.
Connecticut courts have long recognized liability for negligent misrepresentation. "One who, in the course of his business profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss issued to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." D'Ulisse-Cupo v. Board of Directors of Note Dame High School, 202 Conn. 206, 217, 218 (1987) (citations omitted.) The plaintiff, it may be seen, makes all the necessary allegations for a cause of action for negligent misrepresentation.
In Terramar, Inc. v. Ginsburg Ginsburg, [6 CSCR 438]3 CTLR 820 (April 5, 1991, Dorsey, J.), the court held that an attorney or law firm could be liable to a third party for negligent misrepresentation in drafting erroneous opinion letters. The court noted that opinion letters, such as the ones in this case, do not constitute advice for clients, but rather are written for use by such third parties, and thus the duty of loyalty to the client is not compromised by allowing liability. Id., 822, citing Vereins-Und Westbank, A.G. v. Carter, 691 F. Sup. 704, 715 (S.D.N.Y. 1988) (extending liability for negligent misrepresentation to the legal profession.)
The court concludes the plaintiff has sufficiently alleged a cause of action for negligent misrepresentation. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, supra, 496 (1992). Accordingly, the motion to strike should be and is denied.